514 So.2d 437 (1987)
Eva RHODES, Appellant,
v.
Joseph WALL, Appellee.
No. 87-0080.
District Court of Appeal of Florida, Fourth District.
November 4, 1987.
*438 Elizabeth Athanasakos, Fort Lauderdale, for appellant.
Mary E. Hammel, Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal of a final judgment of a paternity action. We affirm in part and reverse in part.
Appellee filed a petition to establish paternity of a child born to appellant. In his petition, appellee alleged that he was the father of the child and was willing to pay child support. Prior to the hearing, the parties by agreed order stipulated that appellee was the father of the child. The trial court thereafter entered a final judgment adjudging appellee to be the father of the child and granting shared parental responsibility to the parties, with the primary residence to be with the appellant. In addition, the court granted appellee reasonable visitation rights and ordered him to pay both child support and the outstanding medical bills attendant to the birth of the child.
One of the five issues raised by appellant constitutes reversible error. The issue being whether the trial court erred in ordering shared parental responsibility. We find that it was error and reverse.
In the instant case, appellee did not ask for custody in his petition to establish paternity. When an award of relief is not sought by the pleadings, it is error to grant such relief. Freeman v. Freeman, 447 So.2d 963 (Fla. 1st DCA 1984). Therefore, the trial court erred in ordering shared parental responsibility, when this relief was not sought in appellee's pleadings.
We affirm the other issues raised on appeal by appellant. Accordingly, we reverse in part and affirm in part.
AFFIRMED IN PART, REVERSED IN PART.
HERSEY, C.J., and DOWNEY and WALDEN, JJ., concur.