559 So.2d 698 (1990)
Earl Frederick WILSON, III, Appellant,
v.
Rebecca Thames WILSON, Appellee.
No. 89-2871.
District Court of Appeal of Florida, First District.
April 10, 1990.
Rehearing Denied May 18, 1990.
*699 David C. Goodman, Jacksonville, for appellant.
Elliot Zisser and Nancy N. Nowlis, Jacksonville, for appellee.
ALLEN, Judge.
Earl Frederick Wilson, III (husband) appeals a post-dissolution order entered in response to petitions to modify the final judgment dissolving the husband's marriage to Rebecca Thames Wilson (wife). We address only that portion of the husband's appeal relating to the increase in child support which includes private educational expenses for the minor child.
The parties' marriage was dissolved in 1984 in Alabama. The wife was awarded sole custody of the minor child, subject to the husband's visitation, and the husband was ordered to pay $200 per month as child support, which was later modified to require payment only 10 months of the year. Subsequently, the wife moved to Florida, and the final judgment was adopted as a Florida decree. In 1987, pursuant to the wife's petition, child support was increased to $300 per month for 10 months each year.
In May of 1989, the wife filed another petition for modification alleging a substantial change in circumstances since entry of the 1987 order of modification. She alleged that the child's expenses for clothing, medical care and other living expenses had increased substantially and that the child, then 10 years of age, would be entering private school.
At the hearing, evidence was presented to show that the wife had experienced a decrease in her net income of about $148 per month, while the husband's net income had increased by almost $300 per month since 1987. Evidence of the child's increased needs and expenses was also presented, particularly that the child would be entering private school at a cost of approximately $340 per month for tuition and transportation. The court increased child support to $500 per month, 12 months per year, effectively doubling the payments ordered by the 1987 modification.
We find competent substantial evidence in the record to support the court's finding that a substantial change in circumstances, relating to the parties' respective incomes and the child's needs, had occurred since the 1987 order modifying child support. See O'Brien v. O'Brien, 407 So.2d 374 *700 (Fla. 1st DCA 1981) and Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We do not find a sufficient record basis, however, for the inclusion of private educational expenses in the child support increase.
Private educational expenses may be awarded as part of child support payable by a noncustodial parent where that parent has the ability to pay for private school, and such expenses are in accordance with the family's customary standard of living and are in the child's best interest. Luskin v. Luskin, 492 So.2d 783 (Fla. 4th DCA 1986) (private school tuition payable where children had attended a private school during the parties' marriage and guardian ad litem recommended that children continue to attend private school in order to minimize disruption of their lives caused by parties' separation); Kaufman v. Kaufman, 491 So.2d 584 (Fla. 3d DCA 1986) (private school tuition payable in accordance with the children's customary standard of living); Ault v. Ault, 431 So.2d 302 (Fla. 2d DCA 1983) (private school expenses payable where the noncustodial parent was a practicing attorney with a substantial annual income and children had been attending private schools during the marriage); Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1983) (private school expenses payable where the noncustodial parent had paid for several years of private schooling for the child and had earlier agreed to pay all such expenses, and where child had been experiencing academic difficulties in public school); and Hendry v. Hendry, 340 So.2d 942 (Fla. 4th DCA 1976) (private school tuition payable by noncustodial father with net worth of several million dollars). Where it cannot be shown that private schooling is in accordance with the family's customary standard of living, or that the child has some special need which cannot be adequately fulfilled by the public schools, payment of private school expenses should not be ordered.
Here, the child was entering the fifth grade and had never previously attended private schools. In fact, the private schooling of the child was apparently not contemplated by either of the parties until very recently. No testimony was presented as to any special needs of the child which public schools had been unable to fulfill, or would be unable to satisfy in the future. The only evidence explaining the enrollment of the child in private school was presented in the wife's testimony. She testified that some of the children attending the public school her son would otherwise be required to attend were from a part of Jacksonville she considered to be "quite a violent area," that the child was "very advanced for his age," and that she "just wanted the best for him." The husband, whose income was approximately $53,000 per year, objected to enrollment of the child in private school. The husband, who unsuccessfully sought a change of custody below, testified that he favored public schools and would enroll his son in a public school in Alabama should he be awarded custody. The trial court's order stated that expenses for the child had increased, including those for education, and that an increase in child support was in the best interest of the child. However, the trial court did not make any finding as to whether private schooling in particular was found to be justified in accordance with the standard of living enjoyed by the family or was in the best interest of the child.
Upon the record before us, the wife has not made the requisite showing for an award of child support for payment of private school expenses. Private schooling is not a part of the child's customary life-style, nor are the parents' financial circumstances such that private education should be ordinarily expected. Further, as earlier indicated, no special need of the child which could only be fulfilled by a private school has been sufficiently articulated. We note, however, that a passing reference was made to some "problems" the child had experienced in school. We also note that in asking the wife whether she had some objection to the public schools, her attorney instructed her to "please be brief about it." If the wife wishes to offer evidence showing entitlement to an award of child support for private school expenses, she should be allowed to do so upon remand. If the wife is unable to present such evidence, *701 the child support should be set in an amount which reflects only expenses other than for private school.
Accordingly, we reverse the award of increased child support and remand for further proceedings in accordance with this opinion. In all other respects, the order appealed from is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ERVIN and ZEHMER, JJ., concur.