PER CURIAM.
This is an appeal by the defendant Fernando Segarra from a judgment of conviction and sentence for conspiracy to possess cocaine which was entered below upon an adverse jury verdict. Defendant raises three points on appeal which, we conclude, fail to present reversible error.
First, the trial court did not, as urged, commit reversible error in denying defendant’s motion to dismiss. No showing of entrapment as a matter of law was made below under Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985); nor was any showing made below of a due process violation under State v. Glosson, 462 So.2d 1082 (Fla.1985), or Hunter v. State, 531 So.2d 239 (Fla. 4th DCA 1988). Second, the trial court did not, as urged, commit reversible error in denying defendant’s motion to suppress; clearly, the confidential informant had not been engaged by the state, and therefore was not an agent of the state, at the time the defendant made certain incriminating statements to said informant. See DuBoise v. State, 520 So.2d 260 (Fla.1988). Third, the trial court did not, as urged, commit reversible error in refusing to interview in camera the confidential informant. No showing was made below to require such an in camera interview under State v. Acosta, 439 So.2d 1024, 1026 (Fla. 3d DCA 1983). The final judgment of conviction and sentence under review is therefore, in all respects,
Affirmed.