672 So.2d 597 (1996)
Terry L. CROWLEY, Appellant,
v.
Kevin X. CROWLEY, Appellee.
No. 94-4176.
District Court of Appeal of Florida, First District.
April 24, 1996.
*598 JoLen Rawls Wolf of Gardner, Shelfer, Duggar & Bist, Tallahassee, for Appellant.
Kristin Adamson and Jerome M. Novey of Novey, Mendelson & Adamson, Tallahassee, for Appellee.
PER CURIAM.
In this appeal from a final judgment of dissolution of marriage, the wife asserts error in the following: (1) the type and amount of the alimony awarded to her; (2) the amount of child support and, in particular, the denial of private school expenses; and (3) the distribution of marital assets. Based upon the first two asserted errors, we reverse and remand. We affirm the equitable distribution without further elaboration.
The parties' 19-year marriage was dissolved by final judgment dated November 17, 1994. At the time of the divorce, the wife was 43 and the husband 45 years old. Two sons, ages 11 and 6, were issue of the marriage. The husband, a partner in a law firm, received an annual draw of $120,000 paid in monthly increments of $10,000. In addition, *599 he received his share of the firm's profits which were allocated annually. In the past four years, his average earnings with the firm exceeded $260,000, and in his worst year during this period he earned approximately $200,000. The wife performed full-time secretarial work while the husband was in law school, and then worked as his secretary to assist his foray into solo practice. She had not worked outside the home since the husband abandoned his sole practice in 1981.
At the final hearing, the husband presented testimony that 1994 was expected to be "a really rotten year" for his law firm, and that he anticipated a bonus of only $10,000 at most. Additional testimony, however, established that the firm was in the process of opening a new office and that it was generating revenue on par with previous years. The husband's personal generation of revenue, which was a factor in determining his share of the bonus, was equal to or greater than the previous year and was near the top of the partners in his office.
In calculating the support awards for the wife and children, the trial court found that $4,000 per month was sufficient to maintain them at the standard of living established during the marriage. The wife was awarded $1,000 per month in permanent alimony which the court noted was "a sum sufficient to place [her] in a position substantially similar to that she would be had the marriage not occurred." According to the trial court, the wife was only employable at $18,000 per year at the time of dissolution, but she would have been earning in excess of $30,000 had she not postponed a career in the field of journalism where she obtained her undergraduate degree prior to the marriage; presumably, the permanent award compensated the wife for "lost time" during the marriage. Rehabilitative alimony was awarded in the amount of $1,500 per month for a period of two years, the court noting that the wife should then be employable in the $25,000$30,000 range. To the extent the court considered the husband's ability to pay, the support awards were based upon annual earnings of $120,000. Additional earnings in the form of bonuses were deemed too "speculative and uncertain" to be considered. This produced a guidelines child support award of $1,892, which the trial court adjusted to $1,750 per month.
The trial court's decisions on alimony and child support are subject to review for abuse of discretion. Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983); Stanton v. Stanton, 648 So.2d 1233 (Fla. 4th DCA 1995). A review of the record in this case demonstrates that the trial court abused its discretion in making the instant support awards.
The husband has not cited, and we have not found, any authority that would support the trial court's effort to use the alimony award to place the wife in the financial position she would have occupied had the 19-year marriage not occurred. To the extent the award reflects this effort, it is erroneous. The primary criteria in awarding alimony should have been the needs of the spouse and the ability of the other spouse to meet those needs, given the standard of living established during the marriage. Wright v. Wright, 577 So.2d 1355, 1357-58 (Fla. 1st DCA), rev. dismissed, 587 So.2d 1331 (Fla. 1991).
The evidence does not support the trial court's finding that the wife and children could maintain the marital standard of living on $4,000 per month. The wife testified that $7,500 was needed each month to maintain the marital standard of living for herself and the boys. Even the husband's estimate of $4,812 which, in addition to other reductions, required the wife to sell the marital home and move into a smaller and less expensive house, substantially exceeded the $4,250 per month in child and spousal support that was awarded. In short, the alimony and child support awards are insufficient to maintain the marital standard of living.
The trial court also erred in making a portion of the alimony award rehabilitative. Although the trial court found that the wife was capable of earning up to $30,000 as a journalist after two years of training, the only evidence established that she could earn $17,000 after such training and that it would be six or seven years before she could earn in the $30,000 range. This was insufficient to maintain the marital standard of living, compelling a conclusion that a rehabilitative *600 award could not serve its purpose of establishing the capacity for self-support. See Lanier v. Lanier, 594 So.2d 809, 811 (Fla. 1st DCA 1992).
Neither does the record support the trial court's decision to exclude the husband's bonus income in determining his ability to provide support. The trial court only considered the husband's base earnings of $120,000 per year, concluding that the additional bonus income was "speculative and uncertain." We are aware that a spouse's past income should not take precedence over uncontroverted evidence of his or her present income in determining ability to pay. See DeSanto v. DeSanto, 621 So.2d 560 (Fla. 2d DCA 1993). However, the instant record was equivocal concerning the absence of present bonus income. Indeed, on the record before us, there would be more speculation and uncertainty involved in excluding bonus income entirely than would be involved in including the smallest bonus that had been paid over the husband's four full years with the firm. On remand, the trial court should recalculate the alimony and child support awards using the husband's lowest income of $200,000.
The trial court also erred in denying the wife's request to include private school tuition as part of the child support award. Private educational expenses should be awarded where: (1) the parties have the ability to pay; (2) such expenses are in accordance with the customary standard of living; and (3) it is in the child's best interest. Stefanowitz v. Stefanowitz, 586 So.2d 460, 462 (Fla. 1st DCA 1991); Wilson v. Wilson, 559 So.2d 698 (Fla. 1st DCA 1990). In the instant case, uncontroverted evidence established that the boys had attended the same private school throughout their education. The only testimony was that it would be in the boys' best interest to continue in private school. That the parties have the ability to pay for private school is not contested. Consequently, the private school tuition should be added to the child support award.
Accordingly, that part of the final judgment awarding alimony and child support is reversed, and the case is remanded. The trial court is instructed to recalculate the support awards based upon the husband's annual income of $200,000. All alimony shall be permanent. Private school tuition shall be added to the child support award and, in light of our remand, the trial court may reconsider whether the husband should be ordered to provide life insurance to protect the child support award.
REVERSED and REMANDED.
MINER, WEBSTER and LAWRENCE, JJ., concur.