681 So.2d 888 (1996)
Seth P. JOSEPH, Appellant,
v.
Renee C. JOSEPH, Appellee.
Nos. 95-1107, 95-1766 and 95-2916.
District Court of Appeal of Florida, Fourth District.
October 23, 1996.
John Beranek of Macfarlane Ausley Ferguson & McMullen, Tallahassee, and Michael *889 J. Carbo of Ferrero & Middlebrooks, Fort Lauderdale, for appellant.
Harvey A. Nussbaum of Beiner & Nussbaum, P.A., Boca Raton, and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellee.
POLEN, Judge.
The former husband appeals from a final judgment of dissolution of marriage, a final order on attorney's fees and costs, and a final order holding him in contempt. We reverse various aspects of the alimony and child support awards, as well as the order holding the husband in contempt.
Appellant is an attorney who was employed at Baker & Mackenzie, an international law firm, at the time of the final hearing. In 1993, he received a base salary of $150,000 and a bonus of almost $150,000 as well. In 1994, the former husband received only his $150,000 base salary, in spite of the fact that he billed and collected more than $600,000. The former husband's 1994 salary was the lowest in the last six years. In a clear attempt to be fair to both parties by not imputing income to the former husband, but not short-changing the former wife, the trial court awarded the former wife twenty-five percent (25%) of any gross bonus the husband receives in the years in which she receives alimony and/or child support. Seven percent (7%) of this award was allocated to child support and eighteen percent (18%) to alimony. Although we appreciate the trial court's attempts at equity and fairness, we reverse this aspect of the alimony and child support awards. Hamilton v. Hamilton, 552 So.2d 929 (Fla. 1st DCA 1989) (provision of final judgment awarding as permanent periodic alimony 50% of the former husband's future net annual raises and 35% of his future bonuses based solely on increase in husband's income were improper as allowing for award modification without determination of change in wife's need). There is no evidence in the record to support a finding that the former husband will receive such a bonus; nor is there evidence of what the wife's and children's needs will be when and if such a bonus is received. We note, however, that our opinion is not intended to prevent the former wife from availing herself of the court's modification jurisdiction should the husband receive a bonus, and should the wife be able to establish the need.
The trial court also ordered the former husband to pay to the former wife as rehabilitative alimony the school tuition and books necessary for the wife to receive a four-year degree at a Florida state college or university. We remand for the trial court to place additional restrictions on this award. Because the purpose of rehabilitative alimony is to facilitate entry into the job market, we think there needs to be an additional restriction requiring the former wife to take academic courses and receive a four-year degree that will lead to gainful employment. In short, there must be a specific plan by which the wife's obtaining a four-year degree will result in her economic rehabilitation. See Linn v. Linn, 464 So.2d 614 (Fla 4th DCA 1985) (the purpose of rehabilitative alimony is to establish the capacity for self support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills).
We also agree with the former husband, as does the former wife, that the trial court needs to limit the husband's uninsured medical, dental and psychological expenses for the children to those that are reasonable and necessary. The wife further agrees, as do we, that the requirement that the husband pay $6,000 per year in counseling fees for the wife should be deleted. We also agree with the former husband that there is no record support for requiring the parties to attend counseling at least two times a month. Thus, we would direct the trial court to delete these requirements as well.
Finally, we reverse the order holding the former husband in contempt. We find that the fact that the former husband posted a bond to secure payment of attorney's fees negated any willful or contumacious disregard of the court's order by the former husband.
*890 We affirm all other aspects of the orders appealed.
GUNTHER, C.J., and FARMER, J., concur.