PATTERSON, Judge.
Kevin Kilgannon, the father in this paternity action, appeals from the final judgment which determines his child support obligation. We affirm the final judgment in all respects with the exception of the trial court’s award of 10% of the father’s future bonuses.
The mother of the parties’ minor child is employed as an assistant vice president of Barnett Bank, earning $36,850 gross yearly salary. The father earns a base salary of $110,200 a year as an executive vice president of Sun Trust Bank. He is also eligible for an annual bonus based on the bank’s performance in the previous year. He had received only two bonuses in his seven years of employment with the bank, in 1994 and 1995. In 1995 he received a bonus of $18,-289.88 for the bank’s performance in 1994. The father claimed that a bonus in 1996 was not likely because the bank’s 1995 performance had been poor.
In determining the father’s child support obligation, the trial court declined to include the father’s bonus income in computing his gross income because of the uncertain nature of the bonuses from year to year. Finding, nonetheless, that the child was entitled to share in the father’s “good fortune” should he receive a bonus in the future, the court awarded 10% of any such net bonus to be paid as child support within ten days of its receipt. Thus, the father was obligated to pay $1,185 monthly child support, in addition to 10% of the net of any bonuses he received in the future.
The father does not dispute that he must pay some part of his yearly bonuses toward his child support obligation. However, he argues that the trial court erred in requiring him to pay a flat 10% of his future bonuses without taking into consideration the child’s needs or the mother’s income at the time he receives the bonus. We agree. See Joseph v. Joseph, 681 So.2d 888 (Fla. 4th DCA 1996) (provision awarding wife 25% of any bonus husband receives with 7% allocated to child support and 18% to alimony invalid because evidence of wife’s and children’s needs must be considered at the time the bonus is received).
Accordingly, we affirm the final judgment of paternity with the exception of the future bonus award. The mother is not precluded by this holding from seeking a modification *305 of the child support award in the future, should the father receive a bonus.
Affirmed in part; reversed in part.
DANAHY, A.C.J., and ALTENBERND, J., concur.