726 So.2d 865 (1999)
Richard Thomas MEAD, Appellant,
v.
Debra Delaney MEAD, Appellee.
No. 98-1427.
District Court of Appeal of Florida, First District.
March 5, 1999.
Wm. Bruce Muench, Jacksonville, for Appellant.
Robert W. Elrod of Robert W. Elrod, P.A., Jacksonville, for Appellee.
WEBSTER, J.
The former husband seeks review of a final judgment of dissolution of marriage. He raises a number of issues. However, the record contains no transcript of the final hearing because no court reporter was present. The trial court's judgment comes here clothed in a presumption of correctness, and it is the former husband's burden to demonstrate reversible error. Chirino v. Chirino, 710 So.2d 696 (Fla. 2d DCA 1998). The absence of a transcript precludes intelligent review of the former husband's claims that the trial court erred when it awarded permanent periodic alimony and a portion of his retirement fund with the Jacksonville Electric Authority to the former wife. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). Accordingly, we affirm those awards.
We cannot, however, discern from the judgment why the trial court ordered the former husband to pay what appears to be substantially more than the presumptive guidelines child support amount and a portion of the Citibank debt, or why it directed that the former wife receive credit for all principal payments made by her toward the mortgage, as well as all ad valorem taxes paid, upon the sale of the marital home. Accordingly, we vacate those portions of the judgment, and remand for further consideration. The trial court shall include in its decision on remand the findings mandated by sections 61.075(3) (relating to distribution of assets and liabilities) and 61.30(1)(a) (relating to deviations from the presumptive guidelines child support amount), Florida Statutes (1997), so that intelligent appellate review will be possible. Should the trial court alter any of these awards on remand, it will be necessary for it to reexamine all of the other financial aspects of the final judgment, including the award of permanent periodic alimony *866 and the equitable distribution scheme. See Hanrahan v. Hanrahan, 618 So.2d 779 (Fla. 1st DCA 1993).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN and VAN NORTWICK, JJ., CONCUR.