732 So.2d 505 (1999)
Paul McDONALD, Appellant,
v.
Cheryl McDONALD, n/k/a Cheryl Cranmer, Appellee.
No. 97-3684.
District Court of Appeal of Florida, Fourth District.
June 2, 1999.
*506 A. Thomas Connick of A. Thomas Connick, P.A., Deerfield Beach, for appellant.
Howard S. Friedman of Fischler & Friedman, P.A., Fort Lauderdale, for appellee.
BAKER, MOSES, Jr., Associate Judge.
Appellant, Paul McDonald, appeals a final order granting his former wife Cheryl McDonald, n/k/a Cheryl Cranmer's petition for relocation with the parties' exceptional minor child, Streisand McDonald.
The parties were divorced pursuant to a final judgment dated March 14, 1997. The wife petitioned for relocation on May 19, 1997, just sixty-five days later. The order granting the petition provided the following, in pertinent part, "[t]he parties shall continue to share parental responsibilities except to the discretion regarding Streisand's education, which is for the Petitioner/Former Wife to decide;" (emphasis added).
We find that the trial court's award of sole parental responsibility concerning the education of the minor child constitutes reversible error because appellee did not pray for this relief in her petition. It is well settled that when an award of relief is not sought by the pleadings, it is reversible error to grant such relief. See Moore v. Trevino, 612 So.2d 604, 606 (Fla. 4th DCA 1992) (the trial court's award of shared parental responsibility constituted reversible error, where appellee did not pray for custody in his counter petition); Wallace v. Wallace, 605 So.2d 504, 505 (Fla. 4th DCA 1992) (because the wife's motion did not request the relief awarded, and she submitted no evidence on the issue, it was error to award such relief); Rhodes v. Wall, 514 So.2d 437, 438 (Fla. 4th DCA 1987) (reversible error occurred where petition for paternity did not ask for custody, but court awarded shared parental responsibility); Gleason v. Gleason, 453 So.2d 941, 941 (Fla. 4th DCA 1984) ("[i]n this dissolution of marriage action, the court awarded to the husband the wife's interest in a jointly owned money market account. The husband had not sought such relief. Accordingly, we reverse....").
After careful consideration, we affirm as to all other issues raised on appeal by appellant. Accordingly, we reverse in part and affirm in part.
AFFIRMED IN PART AND REVERSED IN PART.
GUNTHER and STEVENSON, JJ., concur.