VAN NORTWICK, J.
Fred Albright McDowell, the former husband, appeals a final order on an emergency motion for relief and enforcement filed by appellee, Kim Elizabeth McDowell, the former wife. The former husband argues that the trial court erred in imputing income to the former husband for the purpose of setting his child support obligation without first finding that he was voluntarily unemployed or underemployed and in awarding child support payment retroactive to a date prior to the date of the filing of a pleading seeking such support. We agree and reverse.
It is undisputed that the former husband was not employed at the time of the hearing on the former wife’s motion for modification by which she sought child support. The lower court did not find that this unemployment was voluntary. This was error. § 61.30(2)(b), Fla. Stat. (1999); see Brock v. Brock, 695 So.2d 744 (Fla. 1st DCA 1997). Moreover, there is no competent and substantial evidence in the record on which a finding that appellant was voluntarily unemployed could be based.
Further, awarding child support retroactive to a date before the date of a motion seeking such an award is clear error, see Wertheim v. Wertheim, 667 So.2d 331 (Fla. 1st DCA 1995), and it matters not that the trial court may have had jurisdiction to award child support on the date to which the award was made retroactive. See Fayson v. Fayson, 482 So.2d 523 (Fla. 5th DCA 1986)(even assuming the trial court had jurisdiction, the trial court can only modify child support payments prospectively from the time a petition for modification is filed).
We also reverse the award of attorney’s fees and costs without prejudice to the former wife’s entitlement to fees at a later date pursuant to the attorney’s fees provision of the parties’ marital settlement *1290 agreement, should a subsequent action enforcing that agreement successfully be prosecuted by the former wife, or pursuant to section 61.16, Florida Statutes (1999), .should an order requiring child support payments subsequently be entered against the former husband. By this appeal, we do not address those portions of the final order which do not affect attorney’s fees and child support. With respect to the award of attorney’s fees and costs and child support, the final order is REVERSED.
WOLF AND WEBSTER, JJ„ CONCUR.