776 So.2d 1092 (2001)
William Franklin THOMAS, III, Appellant/Cross-Appellee,
v.
Kathleen Marie Hornak THOMAS, Appellee/Cross-Appellant.
No. 5D00-253.
District Court of Appeal of Florida, Fifth District.
February 9, 2001.
*1093 Paul M. Goldman of Dean, Mead, Spielvogel, Goldman & Boyd, Merritt Island, for Appellant/Cross Appellee.
James R. Dressler, Cocoa Beach, for Appellee/Cross Appellant.
PALMER, J.
This case involves an appeal and a cross-appeal from a final judgment of dissolution. We affirm the trial court's decision as to all matters except two. We reverse the trial court's decision as to equitable distribution and attorney's fees.
The parties were married in excess of fourteen years at the time of the filing of the petition for dissolution of marriage. Each party owned certain pre-marital assets which remained non-marital property. Each party maintained separate accounts and properties during the marriage, although both marital and non-marital monies were co-mingled in at least one account. That account was used to pay marital expenses and also to pay monthly mortgage obligations and home improvements on husband's pre-marital home. The parties have one child, who attended private school during the marriage. The husband's gross income was in excess of $7,000.00 per month including $1,000.00 per month received from a family trust. The wife earned $1,760.00 per month from employment and rental income. Earlier in the marriage wife earned as much as $25,000.00 per year.
The trial court awarded the wife permanent periodic alimony in the amount of $600.00 per month and child support in the amount of $370.57 bi-weekly. In equitably distributing the parties' property, the trial court found that the increased equity in the husband's pre-marital home, which resulted from a reduction in the principle balance on the mortgage, was marital property but the increases in value caused *1094 by market appreciation and home improvements were non-marital.
The husband contends that the trial court erred in awarding the wife permanent periodic alimony, in determining the amount of child support, in requiring him to pay one-half of the minor child's private school tuition and fees, in distributing the increase in value of his pre-marital home, in awarding the wife a deferred distribution of his pension plan, in distributing other marital assets, and in not awarding him the dependency exemption for the minor child. The wife cross-appeals, contending that the trial court erred in distributing the increase in value of husband's pre-marital home, in failing to award child support retroactive to the date of filing of the instant dissolution petition in offsetting the wife's anticipated social security benefit against her share of the husband's retirement, in distributing other property, and in failing to award her any costs or attorney's fees.

PERMANENT PERIODIC ALIMONY
The husband contends the trial court erred by awarding the wife permanent periodic alimony. Thus, the husband's contention is premised on his argument that the parties' fourteen year marriage was "relatively short." We disagree.
Fourteen years is in the upper portion of the "grey area" of marriages for alimony purposes. See Young v. Young, 677 So.2d 1301, 1305 (Fla. 5th DCA 1996)(stating: "While we are reluctant to define a fifteen-year marriage as long term so as to create a presumption in favor of permanent alimony, we cannot construe it as a short term marriage"). The award of permanent periodic alimony in this case was within the discretion of the trial court. Accordingly, we affirm. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980).

CHILD SUPPORT AND DEPENDENCY EXEMPTION
The husband next argues that the amount of child support was improperly determined because the trial court refused to impute additional income to the wife. We again disagree. This finding by the trial court will not be disturbed on appeal because no abuse of discretion has been shown. See Canakaris, 382 So.2d at 1202.
The wife contends that the trial court erred by not awarding child support retroactive to the date of the filing of the dissolution petition. We affirm this ruling because the record demonstrates that the wife and child continued to live in the marital home after the filing. See Jacoby v. Jacoby, 763 So.2d 410, 417 (Fla. 2d DCA 2000).
We also affirm the trial court's decision to require the husband to pay one-half of his daughter's private school expenses as being within the court's discretion given the child's history of attending private school during the marriage and husband's ability to pay. See Wilson v. Wilson, 559 So.2d 698, 700 (Fla. 1st DCA 1990).[1]
As for the award of the dependency exemption, the trial court ruled during the hearing that the wife would receive the exemption. This determination also falls within the court's discretion. However, the final judgment does not reflect that determination. Upon remand, the final judgment should be amended to accurately *1095 reflect the trial court's oral pronouncement.

EQUITABLE DISTRIBUTION OF INCREASED VALUE OF HUSBAND'S PRE MARITAL HOME
With respect to the husband's premarital home, the trial court found that the mortgage principle reduction which occurred during the marriage constituted marital property but that the $44,000.00 increase resulting from improvements made during the course of the marriage was non-marital. Both the mortgage payments and the home improvement payments were made from a bank account which was in the husband's name and into which the husband placed both his regular paycheck (marital funds) and contributions from his family (non-marital funds). The husband could not directly trace the home improvement payments back to non-marital funds, any more than he could trace the mortgage payments back. Rather, he testified that it was his "intent" to utilize non-marital monies from the account for both mortgage payments and home improvements.
As a general rule, when marital funds and non-marital funds are deposited into the same account, the co-mingling results in the entire account becoming marital. See Becker v. Becker, 639 So.2d 1082, 1084 (Fla. 5th DCA 1994). Given the husband's failure to adequately trace the home improvement payments to non-marital funds, the $44,000.00 increase in value attributable to the improvements must be considered marital property. See Adkins v. Adkins, 650 So.2d 61 (Fla. 3d DCA 1995). In light of our determination that this $44,000.00 is marital property, upon remand, the trial court must reconsider the equitable distribution of the marital property.
We reject the husband's contention that the wife's claim of entitlement to the increased equity in the husband's premarital home was barred because she did not plead a special equity. The wife sought equitable distribution of marital property, as defined in the statutes, not a special equity. To that end, section 61.075(5)(a)(2) of the Florida Statutes (1999) provides that marital assets include any "enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both."

DISTRIBUTION OF HUSBAND'S PENSION PLAN
The husband next contends that the trial court erred in utilizing a deferred method of distribution of his pension plan rather than a present value distribution. We disagree. The method of distribution is discretionary and no abuse of discretion has been shown. As the Supreme Court noted in Diffenderfer v. Diffenderfer, 491 So.2d 265, 269 (Fla.1986), although the preferred method of valuing potential future rights in a pension plan is the present value approach because that approach often is the best means of ensuring an equitable distribution, "we cannot say it would do so in every case." Similarly, the husband has failed to demonstrate that the trial court abused its discretion in ordering him to pay one-half the cost associated with providing the wife with a survival annuity.
The wife contends that the trial court erred in off-setting her anticipated social security benefits against her share of the husband's retirement. However, the final judgment does not order the reduction claimed, but merely indicates that the court reserved jurisdiction to readdress the distribution to make "any necessary adjustments in the future". Accordingly, the appropriate time to address the wife's concern would be when an adjustment is made.

OTHER EQUITABLE DISTRIBUTION ISSUES
We have considered the parties' other equitable distribution arguments and conclude *1096 no abuse of discretion has been shown with regard to any such decisions.

ATTORNEY'S FEES AND COSTS
The wife properly contends that the trial court erred in failing to order the husband to pay all or a portion of her costs and attorney's fees. Given the wife's need and the husband's ability to pay, the wife is entitled to have her costs and attorney's fees paid in whole or in part by the husband. See McAvoy v. McAvoy, 662 So.2d 744 (Fla. 5th DCA 1995); Emmel v. Emmel, 671 So.2d 282 (Fla. 5th DCA 1996). The wife's motion for appellate attorneys fees is also granted. Upon remand, the trial court must determine the reasonable amount of fees and the allocation of responsibility therefor. The husband's motion for appellate attorney's fees is denied.
AFFIRMED in part; REVERSED in part, and REMANDED for further proceedings.
THOMPSON, C.J., and PLEUS, J., concur.
NOTES
[1] The husband's arguments as to his inability to pay appear to be based on an inaccurate figure in the final judgment. At page 24 of the Final Order, the husband's gross income from employment is listed as $6,068.20 per month. However, at the final hearing, the trial court announced its finding that the husband's affidavit indicated his income to be $6,668.00 per month. Upon remand, this scrivener's error in the final judgment should be corrected.