831 So.2d 251 (2002)
Raul VERGARA, Appellant,
v.
Annette E. VERGARA, Appellee.
No. 3D01-2038.
District Court of Appeal of Florida, Third District.
November 27, 2002.
Raquel A. Rodriguez; Cynthia L. Greene, Miami, for appellant.
Elizabeth S. Baker, Orlando, for appellee.
*252 Before GERSTEN, GREEN, and SHEVIN, JJ.
PER CURIAM.
Raul Vergara ("former husband") appeals from a post-dissolution order which determined custody and child support. After both parties filed petitions to modify visitation and child support, the trial court, after a hearing, refused to alter the visitation schedule but modified child support. We affirm the ruling on visitation and we reverse the support ruling.
In modifying child support, the trial court held that the former husband's reimbursements for business expenses were income. Additionally, the trial court determined that the former husband's income would include a contingent bonus. This bonus would be based upon an increase in sales and was not a guaranteed bonus. In order to include the bonus, the trial court assumed an increase from two prior years' bonuses and then extrapolated the amount of the purported future bonus. Based upon the foregoing, the trial court modified child support upward.
Reimbursements for business expenses are not income and should not be included in calculations for child support purposes. Because the former husband does not have an expense account and because he is reimbursed for expenses he actually incurs, these amounts do not represent income. Therefore, the trial court erred in determining the expenses as income, for child support purposes. See Lombardi v. Lombardi, 673 So.2d 175 (Fla. 4th DCA 1996).
Also, before a trial court can include a bonus in calculating net income for child support purposes, the bonus must be regular and continuous. See Shrove v. Shrove, 724 So.2d 679 (Fla. 4th DCA 1999); Cervoni v. Cervoni, 715 So.2d 282 (Fla. 3d DCA 1998); Joseph v. Joseph, 681 So.2d 888 (Fla. 4th DCA 1996); Crowley v. Crowley, 672 So.2d 597 (Fla. 1st DCA 1996). Here, the bonus is contingent upon sales quotas set by his employer. Since the former husband's bonuses are neither regular nor continuing, the trial court erred in including a bonus in its calculation. See Shrove v. Shrove, 724 So.2d at 679. Accordingly, we reverse and remand for recalculation of the child support award. In all other respects, the order below is affirmed.
Affirmed in part, reversed in part, and remanded with directions.