835 So.2d 1265 (2003)
George L. McDANIEL, Appellant,
v.
Brenda D. McDANIEL, Appellee.
No. 1D01-4984.
District Court of Appeal of Florida, First District.
February 3, 2003.
*1266 D. Reed Ammon, Gulf Breeze, for Appellant.
Bruce B. Childers, Pensacola, for Appellee.
PER CURIAM.
George L. McDaniel, appellant, seeks review of an order modifying the Final Judgment of Dissolution of Marriage. Appellant raises four issues: the trial court erred in awarding retroactive and increased child support pursuant to section 61.30(11)(c), Florida Statutes (2001); the trial court failed to make findings to support its 28% deviation from the statutory child support guidelines; the trial court failed to make findings to support its inclusion of private school tuition in the increased child support obligation; and the trial court abused its discretion in awarding the federal dependency tax exemption to appellee, Brenda D. McDaniel. We agree and reverse.
*1267 The trial court found, according to the testimony of both parties, that appellant had not exercised regular visitations with the minor child since January 1995. The trial court increased the child support "according to the guidelines and then increased beyond that by a factor to reflect the fathers' [sic] non-involvement with the child." The increased child support was ordered "from January 1995, the date the court finds the father began not regularly exercising his visitation, to the date of the daughter's fourteenth birthday." Although not cited in the order as authority for the retroactive award of increased child support, it is evident that the trial court was relying on section 61.30(11)(c), Florida Statutes (2001). Section 61.30(11) was amended effective June 5, 2001, as follows:
(c) A non-custodial parent's failure to regularly exercise court-ordered or agreed visitation not caused by the custodial parent which resulted in the adjustment of the amount of child support pursuant to subparagraph (a)10. or paragraph (b) shall be deemed a substantial change of circumstances for purposes of modifying the child support award. A modification pursuant to this paragraph shall be retroactive to the date the non-custodial parent first failed to regularly exercise court-ordered or agreed visitation.

§ 61.30(11)(c), Fla. Stat. (2001) (emphasis supplied). Subparagraphs (a)10. and (b), referred to in the above-quoted provision of the statute, involve shared parental agreements where the child spends a substantial amount of time with each parent resulting in the reduction of financial expenditures typically incurred by the primary residential parent. The trial court erred, as a matter of law, by applying section 61.30(11)(c) because there was no evidence that the amount of child support in the instant case was adjusted or otherwise reduced pursuant to either scenario contemplated in sections 61.30(11)(a)10. or 61.30(11)(b). Thus, we reverse the trial court's retroactive award of increased child support and remand for a recalculation of the retroactive period of the award. Town v. Town, 801 So.2d 324 (Fla. 1st DCA 2001) (holding that a retroactive increase in child support could not accrue earlier than the date the former wife first requested an increase in child support); McDowell v. McDowell, 770 So.2d 1289 (Fla. 1st DCA 2000) (holding that it is clear error for the trial court to award child support retroactive to a date before the date of the motion seeking such an award); Wertheim v. Wertheim, 667 So.2d 331 (Fla. 1st DCA 1995) (reversing and remanding with directions that the trial court's modification be made retroactive to the date of the petition and not any time preceding that date).
The trial court found that the child support should be increased and further found that a factor of 1.28% was reasonable as an increase over and above the child support guideline amount dictated by section 61.30(6), Florida Statutes (2001). It is apparent from the amount of child support awarded, i.e., $1,027.31, that 1.28% was not the only figure or factor used to increase the amount of appellant's share of child support due under the statutory guidelines, which the parties agreed was $668.02. It appears to this court that the trial court deviated from the guideline amount of $668.02 by 28% and added the private school tuition costs, i.e., $172.25, to reach the $1,027.31 monthly support awarded by the court.
Section 61.30(1)(a), Florida Statutes (2001), provides that the "trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate." (emphasis *1268 supplied). Because the trial court ordered appellant to pay child support in the amount of $1,027.31, an amount which deviates more than 5% from the guidelines amount, without satisfying the statutory requirement of section 61.30(1)(a), quoted above, we reverse. See Swanston v. Swanston, 746 So.2d 566 (Fla. 1st DCA 1999); Mead v. Mead, 726 So.2d 865, 865 (Fla. 1st DCA 1999) (directing the trial court to make findings mandated by section 61.30(1)(a) "so that intelligent appellate review will be possible"). On remand, the trial court should either recalculate the child support amount or make adequate findings to support the award.
After expressly cautioning the parties that appellant should not have to pay twice for the tuition, once through the increase (multiplier) to the child support guidelines amount and a second time by adding the amount of tuition itself to the child support, the trial court increased the child support guidelines amount by the multiplier, citing the child's private school education as a reason for the increase, and then further added private school tuition to the amount of retroactive child support. The addition of private school tuition expenses was made without any findings as to the parties' ability to pay such private education expenses, the customary standard of living, or the child's best interest. Musser v. Watkins, 752 So.2d 141 (Fla. 2d DCA 2000); Crowley v. Crowley, 672 So.2d 597, 600 (Fla. 1st DCA 1996) (citing Stefanowitz v. Stefanowitz, 586 So.2d 460 (Fla. 1st DCA 1991) and Wilson v. Wilson, 559 So.2d 698 (Fla. 1st DCA 1990)). We reverse and remand the award of retroactive child support and its inclusion of private school tuition in the award for the trial court to determine whether appellant's contribution to private school expenses is warranted pursuant to Crowley and to recalculate the child support or make adequate findings to support the award. We further note that the trial court must support any child support award that deviates more than 5%[1] from the child support guidelines with specific written findings pursuant to section 61.30(1)(a).
Appellant's final issue is that the trial court abused its discretion in transferring the tax dependency exemption for the parties' minor child to appellee when the evidence established that only appellant benefitted from the annual tax dependency exemption as appellee had no taxable income or income tax liability in the tax year 2000. We agree that the trial court abused its discretion because appellee did not present any evidence to justify the transfer of the exemption. We cannot discern from the trial court's order or from the record on appeal why the trial court transferred the tax dependency exemption or whether the court considered the tax effect of transferring the exemption in arriving at the child support amount. In light of the lack of findings and evidence to support the transfer of the tax dependency exemption, we conclude that the trial court abused its discretion in awarding the federal dependency tax exemption to appellee, Brenda D. McDaniel. Accordingly, on remand, the trial court shall provide that appellant is entitled to the dependency exemption for the minor child.
Reversed and remanded with directions.
WEBSTER, DAVIS and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] The addition of private school expenses to the child support amount created a 25.78% increase above the initial 28% increase.