PER CURIAM.
Appellant, Lucinda Lynn Chaney, appeals portions of an order determining paternity, awarding custody, and calculating child support. Due to lack of record support and lack of factual findings, we re *45 verse the trial court’s determination of child support, the transfer of the federal dependency tax credit, the distribution of the child’s non-covered medical expenses, and the award of attorney’s fees. We affirm all other issues raised on appeal without further discussion.
A trial court’s determination of a party’s net income must be supported by competent, substantial evidence. McCants v. McCants, 984 So.2d 678, 682 (Fla. 2d DCA 2008). The court determines a party’s net income by subtracting the statutorily allowable deductions, such as a deduction for federal tax liability, from each party’s gross monthly income. Id.; § 61.30(3)(a), Fla. Stat. (2007). In this case, there is no competent, substantial evidence to support the number the court used for each party’s federal tax liability. Because the minimum child support need is calculated based on the parties’ combined net income, the court’s determination of child support must be reversed.
The court’s determination of child support is also reversed because it is unclear from the record whether the court considered the impact of transferring the federal dependency tax credit on the award of child support. McDaniel v. McDaniel, 835 So.2d 1265, 1268 (Fla. 1st DCA 2003). Due to the lack of factual findings and evidence to support the transfer of the dependency tax credit, we conclude that the trial court abused its discretion in awarding the dependency tax credit to Appellee, Brent Freeman Fife. Id. On remand, the court must set out sufficient findings on these issues to support its rulings. The court may receive any additional evidence deemed necessary for the proper resolution of the issues.
The court also erred in determining that Appellee was only responsible for 75% of the child’s non-covered medical expenses because each parent should be required to pay an amount in accordance with his or her percentage share of child support. § 61.30(8), Fla. Stat. (2007); Salazar v. Salazar, 976 So.2d 1155, 1157 (Fla. 4th DCA 2008). On remand, the court is directed to either include the cost of any non-covered medical expenses in the basic child support obligation or to direct the parties to pay the expenses in accordance with their percentage share of child support.
Finally, the court abused its discretion in ordering Appellee to pay $5,000 toward the costs of Appellant’s attorney’s fees. The order does not indicate that the court considered the relative financial resources of the parties in making this award. See Schwartz v. Schwartz, 965 So.2d 832, 833 (Fla. 1st DCA 2007). The order also does not indicate that the court considered any factors to determine whether the amount of the fees or the hours expended were reasonable. See Hamlin v. Hamlin, 722 So.2d 851, 852 (Fla. 1st DCA 1998). Because the court failed to make factual findings to substantiate its award of attorney’s fees, we reverse and remand with directions for the court to make such findings. Kaiser v. Harrison, 985 So.2d 1226, 1229 (Fla. 5th DCA 2008); Saporito v. Saporito, 831 So.2d 697, 701 (Fla. 5th DCA 2002). Again, the court may receive any additional evidence deemed necessary for the proper resolution of this issue.
AFFIRMED in part, REVERSED in part, and REMANDED.
WEBSTER, DAVIS, and LEWIS, JJ., concur.