RODRIGUEZ-POWELL, MILY, Associate Judge.
 

 Gary Gelman (“Former Husband”) filed a Petition for Dissolution of Marriage. His wife, Katia Gelman (“Former Wife”), filed an Answer and Counterpetition for Dissolution of Marriage. The trial court issued a Final Judgment for Dissolution of Marriage (with Minor Children). The court incorporated the parties’ parenting and timesharing plans in its judgment and awarded shared parental responsibility of the three minor children. The court also ordered Former Husband to pay child support in the amount of $6,300.00 per month, and pursuant to the prenuptial agreement, the lump sum payment of $475,000.00 in lieu of spousal support or equitable distribution. Finally, the court directed Former Husband to pay the minor children’s private school tuition. Former Husband appeals the Final Judgment for Dissolution of Marriage.
 

 We affirm the final judgment, except as to the trial court’s order that Former Husband pay the children’s private school tuition.
 

 The award of a child’s private school expenses is reviewed for abuse of discretion.
 
 See Thomas v. Thomas,
 
 776 So.2d 1092, 1094 (Fla. 5th DCA 2001). “[W]hen an award of relief is not sought by the pleadings, it is reversible error to grant such relief.”
 
 McDonald v. McDonald,
 
 732 So.2d 505, 506 (Fla. 4th DCA 1999). A court may order a noncustodial
 
 *1283
 
 parent to pay for private educational expenses if it finds that the “parent has the ability to.pay for private school” and the “expenses are in accordance with the family’s customary standard of living and are in the child’s best interest.”
 
 Wilson v. Wilson,
 
 559 So.2d 698, 700 (Fla. 1st DCA 1990) (citing
 
 Luskin v. Luskin,
 
 492 So.2d 783, 784 (Fla. 4th DCA 1986)).
 

 Former Husband contends that the trial court improperly ordered him to pay the children’s private school tuition because Former Wife did not plead for the award and the trial court failed to make requisite findings of fact under
 
 Wilson.
 
 Former Wife counters that the parenting plan included the financial responsibility to pay the private school tuition and that the trial court incorporated the plan into the final judgment.
 

 Former Wife’s counterpetition did not contain a request for payment of the private school tuition. Moreover, there is no record evidence establishing that Former Husband agreed to pay the tuition. Finally, the court did not make the requisite findings as to whether Former Husband has the ability to pay the tuition, and whether the private school expenses are in accordance with the family’s customary standard of living and are in the children’s best interest.
 
 See Wilson,
 
 559 So.2d at 700 (citing
 
 Luskin,
 
 492 So.2d at 784).
 

 Accordingly, we reverse and remand for further proceedings consistent with this opinion.
 
 See McDaniel v. McDaniel,
 
 835 So.2d 1265, 1268 (Fla. 1st DCA 2003);
 
 McDonald,
 
 732 So.2d at 506.
 

 Affirmed in part, Reversed in part, and Remanded.
 

 HAZOURI and DAMOORGIAN, JJ., concur.