KELLY, Judge.
 

 In this appeal from an amended final judgment of dissolution of marriage, the wife argues that the trial court erred in excluding the husband’s annual bonus income in its calculation of the husband’s income for purposes of alimony and child support. Because we agree that the trial court erred in not taking the husband’s bonuses into account in determining his income, we reverse.
 

 Section 61.30(2), Florida Statutes (2007), requires trial courts to consider bonuses in calculating a spouse’s income for purposes of child support, and section 61.08(2)(g) requires trial courts to consider “[a]ll sources of income available to either party” in computing an award of alimony. Thus, we have held that when a trial court calculates income for the purpose of awarding child support or alimony, it may not exclude from consideration bonuses that are regular and continuous.
 
 See, e.g., Parry v. Parry,
 
 933 So.2d 9, 16 (Fla. 2d DCA 2006). Here, the trial court
 
 *803
 
 excluded the husband’s bonus payments from his income finding that the bonuses were not “fixed or guaranteed” because they are paid at the discretion of the husband’s employer and because they are dependent upon the employer’s yearly profit. While this is true, it is undisputed that the husband has received bonus payments each year for the past nine years, the last eight of which exceeded $25,000. Under similar circumstances, we have concluded that the trial court abused its discretion when it excluded bonuses when determining a party’s income for the purposes of alimony or support.
 
 See Parry,
 
 933 So.2d at 16. Accordingly, we reverse the awards of alimony and child support and remand for further proceedings. We affirm the judgment in all other respects.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and DAVIS, JJ., Concur.