LAGOA, J.
The former husband appeals raising two issues from an order modifying the parties’ final judgment of dissolution of marriage. As to the first issue, we reverse the order modifying the final judgment of dissolution to the extent it orders the former husband to pay for one-half of the private school tuition, expenses, and fees for the parties’ younger child. As to the second issue, we affirm without further discussion.
Gary Khutorsky (“former husband”) and Yekaterina Ilina (“former wife”) were married in 1995 and divorced by final judgment on September 23, 2008. They have two children. The final judgment incorporated the parties’ Mediated Settlement Agreement (“MSA”) dated September 3, 2008.
Paragraph 5 of the MSA stated:
The husband shall be responsible for the payment of tuition, registration, fees and membership costs associated with attendance at [Temple] Beth Am day school/preschool for the 2 minor children for the 08-09 school year, and the 09-10 school year. Thereafter the husband *849 agrees to obtain a residence in the Pine-crest Elementary School district as of June 1, 2010 to enable the children to attend Public School thereafter.
On April 8, 2010, the former husband filed a verified petition for modification of the MSA. The former husband, who at the time of the MSA was employed at a law firm in the Dadeland/Pinecrest area of Miami-Dade County, sought elimination of the requirement that he obtain a residence in the Pinecrest Elementary school district because of his new employment in Bro-ward County.
In response, the former wife filed an amended answer and affirmative defenses in which she admitted that the former husband was not seeking to modify the child support payments. As affirmative defenses, the former wife stated that the changes upon which the former husband relied in support of his petition were not involuntary or unanticipated, that at all times the former husband has had and continues to have the ability to fulfill his bargained for obligations under the MSA but has voluntarily chosen not to do so, and that she would show that the provision of the MSA requiring the former husband to obtain a residence in the Pinecrest Elementary school district was not subject to modification. The former wife did not seek any affirmative relief in the proceeding.
After a hearing in March 2011, at which both the former husband and the former wife testified, the trial court entered the order on appeal, finding that the former husband’s change of employment from the Dadeland/Pinecrest area to Broward was a substantial, material, unanticipated change in circumstances under section 61.13, Florida Statutes, and deleted the provision of the MSA obligating the former husband to obtain a residence in the Pinecrest Elementary school district. Additionally, the trial court found that the former husband had the ability to pay one-half of the cost of the parties’ younger child’s private schooling at Beth Am, and held that “[f]or the 2010-11 school year and thereafter, the Former Husband shall pay one-half of the tuition, fees and books as well as one-half of the Temple fee, for [the younger child] to remain at Beth Am through the 5th grade.”
“[W]hen an award of relief is not sought by the pleadings, it is reversible error to grant such relief.” McDonald v. McDonald, 732 So.2d 505, 506 (Fla. 4th DCA 1999); accord Gelman v. Gelman 24 So.3d 1281 (Fla. 4th DCA 2010) (reversing an award of private school tuition where former wife’s counterpetition did not contain a request for payment of private school tuition); Jackson v. Powell, 546 So.2d 1145, 1146 (Fla. 3d DCA 1989) (“The trial court may not circumvent such required pleadings by ordering a child support modification on its own motion....”); Pace v. Pace, 471 So.2d 680 (Fla. 3d DCA 1985) (stating rule that the trial court may not modify a prior child support award where no pleading has been filed requesting such modification); Sweetland v. Gauntlett, 460 So.2d 570 (Fla. 3d DCA 1984) (same).
Here, the former wife did not plead for an award of private school tuition and expenses for the 2010-11 school year,[1] or seek an award of private school tuition and expenses in the future. Indeed, she sought no affirmative relief in the modification proceeding, and her counsel acknowledged that the former husband does not have the ability to pay for private *850 school. Further, based upon our review of the record, we cannot conclude that the issue was tried by consent. Given this, the trial court erred in modifying the final judgment to provide that the former husband pay for one-half of the tuition, fees, books, and Temple fee for the Beth Am 2010-11 school year, and thereafter.
Accordingly, we reverse the order on appeal to the extent it orders that for the 2010-11 school year and thereafter, the former husband shall pay one-half of the tuition, fees and books, as well as one-half of the Temple fee, for the younger child to remain at Beth Am through the fifth grade. On remand, the former husband shall receive a credit for any payments he made pursuant to the order on appeal.
Affirmed in part, reversed in part, and remanded.

. In fact, at the time of the hearing, the parties were operating under their own understanding for the 2010-11 school year, pursuant to which the former husband paid the Temple fee and the former wife paid the tuition.