NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MATTHEW BARLOW,                      )
                                     )
          Appellant,                 )
                                     )
v.                                   )   Case No. 2D16-1837
                                     )
JILLA BARLOW,                        )
                                     )
          Appellee.                  )
_____      )

Opinion filed August 16, 2017.

Appeal from the Circuit Court for
Collier County; Christine Greider,
Judge.

Albert L. Alguadich, Jr., of Long,
Murphy & Long, P.A., Naples; and
Nicole L. Goetz of Nicole L. Goetz,
P.L., Naples, for Appellant.

Cynthia B. Hall of Silverio & Hall, P.A.,
Naples, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

        In this appeal, Matthew Barlow, the Former Husband, challenges

provisions in a final judgment of dissolution of marriage related to the calculation of

alimony and child support, the award of the marital home to Jilla Barlow, the Former

Wife, and a special provision requiring the parties to share the costs of major repairs to

the former marital home.  Because the trial court erred in the manner in which it

included bonus income in the Former Husband's gross and available net income, we reverse and remand for recalculation of the alimony and child support awards and for reconsideration of the feasibility of maintaining the marital residence. We affirm the final judgment of dissolution of marriage in all other respects.

The parties do not dispute that the Former Husband's gross annual base salary at the time of the dissolution in 2015 was $101,712, or $8476 per month. In calculating the Former Husband's total gross income, however, the trial court included the Former Husband's 2013 annual bonus of $133,332.64, resulting in total gross income of $19,583.33 per month. "Section 61.30(2), Florida Statutes (2007), requires trial courts to consider bonuses in calculating a spouse's income for purposes of child support, and section 61.08(2)(g) requires trial courts to consider '[a]ll sources of income available to either party' in computing an award of alimony." Drew v. Drew, 27 So. 3d 802, 802 (Fla. 2d DCA 2010) (alteration in original). Thus, we have held that bonus income must be included in the calculations of both child support and alimony when it is regular and continuous. See id. (citing Parry v. Parry, 933 So. 2d 9, 16 (Fla. 2d DCA 2006)); see also Vergara v. Vergara, 831 So. 2d 251, 252 (Fla. 3d DCA 2002) ("[B]efore a trial court can include a bonus in calculating net income for child support purposes, the bonus must be regular and continuous."). In this case, the trial court erred in relying on the 2013 bonus—"the last received bonus prior to the date of filing as being the most accurate in terms of the Husband's ability to pay."

Instead, the trial court should have relied on the 2014 bonus, which was the most recent bonus information available to it at the time of the final hearing. See Tarkow v. Tarkow, 128 So. 3d 82, 85 (Fla. 2d DCA 2013) ("The GM's calculations of the

Former Wife's income . . . should have reflected current reality."); Laz v. Laz, 727 So. 2d 966, 967 (Fla. 2d DCA 1998) ("[C]urrent income . . . should form the basis for the alimony award."); Crowley v. Crowley, 672 So. 2d 597, 600 (Fla. 1st DCA 1996) ("[A] spouse's past income should not take precedence over uncontroverted evidence of his or her present income in determining ability to pay."); Woodard v. Woodard, 634 So. 2d 782, 783 (Fla. 5th DCA 1994) ("[T]he court should determine the husband's current income because it is his current income (or income expected in the immediate future) that constitutes his ability to pay."). The Former Husband offered unrefuted evidence, and the trial court found, that his 2014 bonus was $45,000. The Former Husband explained that the drastic reduction in the bonus—which was based on company profits and was paid in equal amounts to three brothers in this family-owned business—was due to the loss of several very large accounts between 2011 and 2013. There was no evidence indicating that the Former Husband's bonus would increase in the near future. Thus, by using the 2013 bonus in calculating the Former Husband's total gross income, the trial court effectively imputed income to the Former Husband without a valid basis for doing so. See Greenberg v. Greenberg, 793 So. 2d 52, 55 (Fla. 4th DCA 2001) ("[T]he final judgment reflects no basis for disregarding the undisputed evidence that the husband's income had been reduced . . . ."); cf. Valentine v. Van Sickle, 42 So. 3d 267, 272-73 (Fla. 2d DCA 2010) (observing that there was no evidence to support the conclusion that the Husband's income, which had been artificially inflated by temporary economic conditions during the first part of 2008, would continue at that level in the future).

The calculation of the Former Husband's total gross income, including bonus income, not only factors into the trial court's determination of alimony and child support but may also factor into the court's determination that it is financially feasible to maintain the marital residence. Consequently, on remand, the trial court should revisit its determinations concerning alimony, child support, and maintenance of the marital residence in light of its revised calculation.

Affirmed in part; reversed in part; remanded with instructions.

VILLANTI and SALARIO, JJ., Concur.