752 So.2d 141 (2000)
Gary W. MUSSER, Appellant,
v.
Lorrie Nell WATKINS, a/k/a Lorrie Nell Musser, a/k/a Lorrie Nell Voyias, Appellee.
No. 2D99-134.
District Court of Appeal of Florida, Second District.
March 10, 2000.
Virginia R. Vetter, Tampa, for Appellant.
Brett R. Rahall of Rahall & Schaffer, P.A., Tampa, for Appellee.
PER CURIAM.
Gary W. Musser appeals a final order modifying a final judgment of dissolution of marriage concerning his marriage to Lorrie Nell Watkins. Because it is not supported by sufficient findings, we reverse the provision requiring Mr. Musser to contribute to private school expenses for the parties' eldest child. We also reverse the amount awarded to Ms. Watkins for the children's medical expenses because some of these expenses were incurred prior to the date on which she filed her petition for modification requesting the contribution.
The parties were divorced in 1992. At that time, the parties entered in a marital settlement agreement. As part of the agreement, Mr. Musser agreed to pay child support of $600.00 per month for the parties' three minor children. Neither the agreement nor the final judgment addressed who would provide medical insurance for the children or who would pay medical expenses not covered by health insurance. After the divorce, Mr. Musser relocated to California. In 1994, a California *142 court increased Mr. Musser's child support obligation to $742.00 per month. This order required Mr. Musser to provide medical insurance for the children if it was reasonably available, but again did not make provision for those medical expenses which insurance did not cover. These judgments do not mention any private school expenses, presumably because the children were attending public school.
On April 15, 1997, Ms. Watkins filed a petition to modify the final judgment. She requested an increase in child support, reimbursement for medical expenses incurred by the children since the entry of the final judgment, and contribution from Mr. Musser toward private school expenses she had unilaterally incurred for their eldest son. After a final hearing, the trial court entered an order granting Ms. Watkins' petition. The final order increased Mr. Musser's child support obligation to comply with the current child support guidelines and required that he contribute fifty percent to the children's future uncovered medical expenses. See § 61.30, Fla. Stat. (1997). In addition, the trial court ordered Mr. Musser to reimburse Ms. Watkins the sum of $1,876.88 toward medical expenses previously incurred by the children and required him to contribute $2,500.00 per year for the eldest son's private school tuition at Admiral Farragut Academy. Mr. Musser challenges only those portions of the order requiring him to contribute to private school expenses and to the medical bills incurred prior to the date Ms. Watkins filed a petition for modification. We reverse those provisions.
The trial court failed to make sufficient written findings to support the private school expense obligation. The private school obligation increases the former husband's total child support obligation to an amount more than five percent above the guideline amount. Pursuant to section 61.30(1)(a), Florida Statutes (Supp.1998), the trial court may impose an obligation of this amount only upon making a written finding that the guideline amount is unjust or inappropriate. In addition, a court cannot order a parent to contribute to private school expenses unless it first finds that (1) the parties have the ability to pay such expenses, (2) the expenses are in accordance with the customary standard of living of the parties, and (3) attendance at private school is in the child's best interest. See Crowley v. Crowley, 672 So.2d 597 (Fla. 1st DCA 1996).
In this case, the trial court's order merely found that the child had excelled in his first year of private school and that it "appeared" to be in the child's best interest to continue there. The trial court apparently took into account Mr. Musser's ability to pay the amount awarded, because it required him to contribute only $2,500.00 toward the full annual expenses of $10,599.00. However, the parties' combined monthly net income is only $4,000.00. Given the income of the parties and the lack of any prior custom of sending their children to private school, a greater finding of the child's need for such schooling is required. We therefore reverse this provision and remand to the trial court for a determination of whether a contribution to private school expenses is merited pursuant to Crowley. See also Wilson v. Wilson, 559 So.2d 698 (Fla. 1st DCA 1990). The trial court must substantiate any award with specific written findings if the total support awarded deviates more than five percent from the child support guidelines.
The trial court also erred in requiring Mr. Musser to pay uncovered medical expenses incurred on behalf of the children prior to the date Ms. Watkins filed her petition for modification requesting this relief. Ms. Watkins argues that the trial court could have ordered these expenses as a penalty because Mr. Musser did not provide health insurance as previously ordered. However, the trial court did not base its order on this theory. On the contrary, the trial court noted that at the *143 time the California court required Mr. Musser to provide medical insurance if it was reasonably available, Mr. Musser's insurance did not cover the children for treatment received in Florida.
The final judgment and the California order that increased child support fixed the mandatory obligations and rights of each party. Absent the filing of a petition for modification, those matters remain fixed by judgment and cannot be modified prior to the time a proper petition for modification was filed. See Waite v. Kennedy, 724 So.2d 572 (Fla. 3d DCA 1998). We note that there was no finding that the medical expenses incurred were for emergency care. Nor was there a finding that Mr. Musser agreed to these expenses prior to the time they were incurred. On remand, the trial court shall determine which medical expenses were incurred after Ms. Watkins had filed her petition for modification and shall require Mr. Musser to contribute toward those expenses.
Reversed and remanded for proceedings consistent with this opinion.
CAMPBELL, A.C.J., ALTENBERND and SALCINES, JJ., Concur.