811 So.2d 833 (2002)
Phyllis BELL, Appellant,
v.
Ricky L. BELL, Appellee.
No. 2D99-1415.
District Court of Appeal of Florida, Second District.
March 22, 2002.
Cynthia Byrne Hall and Brian M. Silverio of Silverio & Hall, P.A., Naples, for Appellant.
Melinda P. Riddle, Naples, for Appellee.
PER CURIAM.
Phyllis Bell appeals the final judgment dissolving her marriage to Ricky L. Bell and raises numerous issues. Except for the requirement to pay the private school expenses of the minor children, we affirm the trial court's final judgment.
The parties had been previously married to one other. They remarried in 1993 and separated and filed for dissolution in 1997. The final judgment of dissolution was entered in 1999. The parties have two minor children.
*834 Following a nonjury trial, the court ordered, inter alia, that the parties share in the cost of a private education for both children. At the time the petition for dissolution was filed, only the eldest child was enrolled in a private school. By the time of the final judgment, the younger child was also enrolled there.
A parent cannot be required to contribute to a child's private schooling expenses unless the trial court makes three factual findings: "(1) the parties have the ability to pay such expenses, (2) the expenses are in accordance with the customary standard of living of the parties, and (3) attendance at private school is in the child's best interest." Musser v. Watkins, 752 So.2d 141, 142 (Fla. 2d DCA 2000). There was no evidence adduced to support all three requirements for either child.[1] Because the required evidence and findings were lacking, we strike the provision requiring the parties to pay for private school expenses for the children.
Affirmed in part and reversed in part.
BLUE, C.J., and CASANUEVA and SILBERMAN, JJ., Concur.
NOTES
[1] Both parties had been involved in bankruptcy proceedings before the second dissolution.