WHATLEY, Judge.
The husband, Robert Broome, appeals the final judgment of dissolution of his twelve-year marriage to the wife, Deborah Broome. He raises several issues in this appeal, but we find merit in only three of his arguments.
The parties have two minor children born of this marriage. By agreement of the parties, the husband is the custodial parent. The wife has never worked full-time during the marriage, and she has a lack of skills, although she has been certified as a nurse’s assistant. The trial court awarded her permanent, periodic alimony.
The husband first contends that the trial court erred in imputing $40,000 in income to him. In the final judgment of dissolution, the trial court stated that while the husband’s business had lost its major customer through no fault of the husband, the husband had inexplicably failed to reduce the number of his employees to counteract this loss. The court noted that the wife’s expert witness testified that the husband could conservatively cut employee salaries by $40,000. It then imputed $40,000 a year in income to the husband based on a finding that he was intentionally reducing his income by keeping unnecessary personnel and reducing the time he spends at the business. However, the trial court set forth no findings of fact in the final judgment revealing the method used to arrive at this $40,000 figure, and the record does not reveal the method used.
Even if $40,000 in salary could be saved, that figure would not be the amount by which the husband’s net income would increase. In this unique and complex method of imputing income per an allegedly overstaffed work force, more record evidence is required. The record does not support a finding that the husband is spending less time at his business in order to reduce his income.
Accordingly, we reverse the amount of the alimony award and remand for further proceedings to determine what amount of income, if any, may be imputed to the husband. This ultimate determination will impact the amount of alimony to be awarded.
We make two observations relative to the trial court’s reconsideration of the alimony award. In finding that the husband had the ability to pay permanent, periodic alimony, the trial court stated in the final judgment of dissolution that it “has considered that the children do not need to be in private school at a cost of $625.00 per month and there is no agreement that the Husband cannot sell the home to reduce living expenses for himself and the children.” Although this statement is not a directive that the husband remove the children from their private school and sell his house, it does imply that the court calculated the amount it found the husband able to pay based on the absence of the expenses represented by these items. The evidence, however, does not support a finding that the husband should eliminate these expenses. The husband testified that he would like the children to be able to continue at their private school because it *408 provides them with a better education, including a religious education, and his daughter needs more attention than she would get in a public school. When the wife was asked if she wanted the children to continue in private school, she said that she wanted whatever was best, the public schools were just as good, and the children would like to go to public school. This testimony is insufficient to support a finding that the children do not need to attend the school they have been attending for four and seven years, respectively. See Wilson v. Wilson, 559 So.2d 698 (Fla. 1st DCA 1990) (noting in case concerning award of child support that private schooling may be awarded as part of child support where such expense is in accordance with family’s customary standard of living and is in children’s best interests); Kaufman v. Kaufman, 491 So.2d 584 (Fla. 3d DCA 1986) (reversing child support award and remanding for increase to include private school tuition in accordance with children’s customary standard of living). Additionally, the trial court’s statement regarding the husband selling the home ignores the fact that the home is the husband’s premarital property and is the only home the children have ever known. Section 61.08(2)(a), Florida Statutes (2000), provides that one of the factors a trial court is to consider in fashioning an alimony award is the standard of living established during the marriage. Under the circumstances of this case, we believe that an alimony award that ensures a standard of living for a spouse at the expense of the children would be erroneous, and we do not read section 61.08 to require such a course of action. In reconsidering the amount of the alimony award, the trial court shall not assume that the children will be removed from their private school or that the husband will sell his house.
The husband also argues that the trial court erred in ordering him to maintain his current life insurance coverage and name the wife as the irrevocable beneficiary to secure his alimony obligation. We agree because the record contains no pleading filed by the wife seeking this security, and the issue was not tried by consent. See Williamitis v. Williamitis, 741 So.2d 1176 (Fla. 2d DCA 1999). Accordingly, on remand the trial court shall strike the life insurance requirement from the final judgment of dissolution.
The final judgment of dissolution is affirmed in all other respects.
Affirmed in part; reversed in part; and remanded with directions.
BLUE, C.J., and CASANUEVA, J„ concur.