VILLANTI, Judge.
The Wife raises several issues in her appeal from a final judgment of dissolution of marriage, and the Husband raises one issue on cross-appeal. We reverse the final judgment’s visitation schedule as well as the portion of the final judgment requiring the parties to pay private school tuition for their minor children. We affirm all other aspects of the final judgment without discussion.
The Wife contends, and the Husband properly concedes, that the visitation schedule is inconsistent with the trial court’s oral pronouncement in that it provides the Wife with less than fifty percent of the overnights with the children, despite the trial court’s pronouncement that the Wife would have the children on sixty percent of the overnights. We therefore reverse that portion of the final judgment. Despite the parties’ invitation to have us fashion a suitable visitation, schedule, we leave that task to the trial court.
On cross-appeal, the Husband argues it was error for the trial court to include within the final judgment a requirement that the parties pay for the three minor children’s private school tuition. After the final judgment was entered, on the Wife’s motion the trial court amended the final judgment to provide for the parties’ responsibilities for private school tuition. It determined that each party should pay fifty percent of the tuition, but in no event should either parent be required to pay more than $150 per *205 month, per child. By extrapolation, this meant that either parent could be required to pay up to $450 per month in private school tuition. In setting this amount, the trial court stated it considered “the finances of the parties and the fact that the parties historically had their children enrolled in a parochial private school.”
A parent cannot be required to contribute to a child’s private schooling expenses unless the trial court makes three factual findings: “(1) the parties have the ability to pay such expenses, (2) the expenses are in accordance with the customary standard of living of the parties, and (3) attendance at private school is in the child’s best interest.”
Bell v. Bell, 811 So.2d 833, 834 (Fla. 2d DCA 2002) (quoting Musser v. Watkins, 752 So.2d 141, 142 (Fla. 2d DCA 2000)). We presume for the sake of argument that the trial court’s consideration of the parties’ finances and the children’s history of private school enrollment is the equivalent of actual findings that the parties are able to pay tuition and that the cost is in accordance with their standard of living. Even giving the trial court the benefit of that presumption, however, we reverse because no competent, substantial evidence indicates the amount of tuition ordered is within the parties’ customary standard of living.[1]
During the marriage, the children attended a private school in Brandon. The testimony suggests that the decision to send the children to private school was largely the Wife’s, but nonetheless, the Husband acquiesced to his Wife’s wishes. He also agreed the children were doing well in school. When the Wife left the marital home and relocated with her children to Temple Terrace, she enrolled the children in a different private school, the tuition of which was nearly twice that of the first school at $10,000 per year in contrast to the $5600 per year at the first school. She made this decision without first discussing it with the Husband.
At $5600 per year for all three children, the tuition at the school the children historically had attended was much less than the tuition contribution the trial court ordered. Historically, each parent’s contribution to the first school was only $233.33 per month for all three children, or $77.78 per child. In contrast, the trial court’s order allows for a contribution of up to $450 per month for all three children, or $150 per child. This increased cost is inconsistent with the customary standard of living of the parties. Therefore, Bell requires that the private school tuition requirement of the final judgment be stricken.
In sum, we reverse that portion of the final judgment requiring the Husband to contribute to the children’s private school tuition, and we reverse the visitation schedule and remand for the trial court to establish a visitation schedule in accordance with its oral pronouncement. All other aspects of the final judgment are affirmed.
Reversed and remanded with instructions.
SILBERMAN and WALLACE, JJ., Concur.

. We also have doubts about the Husband's ability to pay the amount ordered; additionally, we recognize that the trial court failed to enunciate any finding that private school was in the children's best interests. We do not write on these issues, however, because our reversal is based on the lack of competent, substantial evidence to support a finding that the tuition amount is within the parties’ customary standard of living.