WHATLEY, Judge.
 

 Andrea B. Otto-Jones, the Mother, appeals an order requiring the parties’ nine-year-old son to attend a private school in Pinellas County for the first half of the school year and attend a Hillsborough County public school for the second half of the school year. The order was entered after a hearing on the Mother’s “Motion Regarding Child’s Continued Attendance at [the private school],” which was filed after the Mother and Reuben Jones, the Father, were unable to agree regarding which school their son should attend. We understand the trial court’s frustration with the parties, whom it found engaged in repeated and unnecessarily vexatious litigation regarding the educational decision making for the child.
 
 [1]
 
 However, we must reverse the order because there was no evidence that this rotating school schedule is in the best interest of the child.
 

 In
 
 Langford v. Ortiz,
 
 654 So.2d 1237, 1238 (Fla. 2d DCA 1995), this court similarly held that it was not in the best interest of the child to require the child, who was in the second grade, to rotate schools at the beginning of December and the beginning of June every year. This court noted that attending two different schools during the school year would be “a disruption in this young girl’s academic and personal life, no matter how much her parents work to smooth the transition.”
 
 Id.; see Bainbridge v. Pratt,
 
 68 So.3d 310 (Fla. 1st DCA 2011) (reversing trial court order where there was no evidence that it was in the best interest of the child to require child with special needs to rotate schools— attending a school where mother lived for a year and then attending a school where father lived for a year). In the present case, the trial court appeared to recognize that a rotating school schedule was not in the child’s best interest when it warned the parties:
 

 And if the parties can’t agree on something, I guarantee that if you come back in front of me, I’m going to do just what I threatened to do: You’re going to pick one year and mom is going to pick the next year and then you’re going to pick and mom’s going to pick. And if you two think that’s in [the child’s] best interest, I would seriously reconsider that.
 
 [2]
 

 
 *988
 
 We note that it would be beneficial to the child if the parents could agree on which school the child will attend. However, if past history is any indication, such an agreement is not likely. Therefore, if the parties do not immediately indicate to the trial court that there is an ongoing effort to select the child’s school, the trial court will need to expedite this matter and hold an evidentiary hearing to determine the school which is in the child’s best interest to attend.
 

 Accordingly, the trial court order is reversed and remanded with directions.
 

 ALTENBERND and MORRIS, JJ„ Concur.
 

 [1]
 

 . The final judgment dissolving the parties' marriage was entered on January 3, 2007.
 

 [2]
 

 . Although the trial court mentioned the possibility of rotating schools every school year, in its order it directed the child to change schools during the middle of the school year.