KHOUZAM, Judge.
Steven Edward Eisele (the Former Husband) appeals and Heidi Marie Eisele (the Former Wife) cross-appeals the final judgment of the dissolution of their marriage. We find merit in two of the Former Husband’s claims, and accordingly we reverse and remand. As to the remaining issues, we affirm without comment.
The parties were married on February 6, 2000. They had one child, who was born on September 30, 2006. In the fall of 2007, they separated. The Former Wife filed a petition for dissolution of marriage on November 14, 2007, and the Former Husband filed a counter-petition. A trial was held on November 15 and 16, 2010, and the court entered the final judgment of dissolution of marriage on January 18, 2011. The Former Husband filed a timely notice of appeal, and the Former Wife filed a timely notice of cross-appeal.
On appeal, the Former Husband first argues that the trial court erred by requiring both parties to obtain life insurance to secure child support. The Former Wife does not dispute that this was error. The court ordered each party to maintain life insurance without making any other findings on the issue. Neither of the parties had requested such relief or presented evidence on the issue.
It is true that section 61.13(l)(c), Florida Statutes (2010), provides that the court may order a party to maintain life insurance to protect an award of child support. But this court has held that a trial court does not have the authority to require a party to obtain life insurance in order to secure child support payments where such relief was not sought or litigated. See Williamitis v. Williamitis, 741 So.2d 1176, 1177 (Fla. 2d DCA 1999); cf. Broome v. Broome, 821 So.2d 406, 408 (Fla. 2d DCA 2002) (reversing requirement that Former Husband obtain life insurance to secure alimony because Former Wife did not request such relief).
Even if the parties had requested this relief, they would have had to show that special circumstances justified requiring them to maintain life insurance. Cf. Pinion v. Pinion, 818 So.2d 557, 557 (Fla. 2d DCA 2002) (“In the absence of special circumstances, a spouse cannot be required to maintain life insurance for the purposes of securing alimony obligations.”); but see Layeni v. Layeni, 843 So.2d 295, 300 n. 2 (Fla. 5th DCA 2003) (applying an “appropriate circumstances” standard instead of a “special circumstances” standard). The record would also have to “contain evidence of the payor’s insurability, the cost of the proposed insurance, and the payor’s ability to afford the insurance.” Lopez v. Lopez, 780 So.2d 164, 165 (Fla. 2d DCA 2001). As the parties did not present evidence on the life insurance issue, it has not been shown that a life insurance requirement would be proper under the circumstances of this case. Accordingly, the life insurance requirement must be stricken.
The Former Husband also argues that the trial court’s finding that the minor child could not be home schooled by either party was error because the child would not reach kindergarten age until approximately twenty months after the date of the final judgment. Though the court’s determination was legitimately based on concerns addressed in the social investigation report and the child’s lack of socialization *875 with children her own age, it was error to determine the best interest of the child prospectively. See Arthur v. Arthur, 54 So.3d 454, 459 (Fla.2010). In Arthur, the trial court determined that it was in the child’s best interest to relocate with the Former Wife twenty months after the date of the final hearing. Id. The Florida Supreme Court held that “[s]uch a ‘prospective-based’ analysis is unsound. Indeed, a trial court is not equipped with a ‘crystal ball’ that enables it to prophetically determine whether future relocation is in the best interests of a child.” Id. Similarly, it was error for the trial court in this case to determine that it would be in the best interest of the child to not be home schooled by either of her parents twenty months from the date of the final order. Accordingly, the court must hold a hearing to determine whether it is currently in the best interest of the child — who is now almost six years old — to not be home schooled by either of her parents.
We also note that the parties agreed at oral argument that the trial court intended to seal the social investigation report despite the fact that no order was entered to this effect. Thus, the trial court should enter an order placing this document under seal.
Accordingly, we reverse and remand. On remand, the circuit court shall strike the requirement that the parties maintain life insurance, hold a hearing to determine whether the parties should be prevented from home schooling the minor child at this time, and place the social investigation report under seal.
Reversed and remanded with instructions.
WHATLEY and KELLY, JJ„ Concur.