WETHERELL, J.
Appellant, the former wife, seeks review of a civil contempt order resulting from her failure to comply with the shared pa *245 rental responsibility requirements in the consent final judgment dissolving her marriage to Appellee, the former husband. Appellant contends that the trial court erred in finding her in contempt and imposing a “sanction” that required her to re-enroll the parties’ child in a Jacksonville school if instructed to do so by the former husband. We agree that the trial court abused its discretion in imposing this sanction,[1] but we affirm the finding of contempt.
The parties’ marriage was dissolved in 2008. Appellant was awarded primary residential custody of the parties’ child. The final judgment of dissolution directed the parties to share parental responsibility and jointly determine major decisions affecting the welfare of the child, such as her education. The judgment required the parties to work cooperatively to resolve any disputes, and if they were unable to do so on their own, they were required to consult with a reasonably qualified third party in an effort to resolve the dispute.
In September 2011, the former husband filed a motion for contempt, alleging among other things that Appellant enrolled the child in a school in Palm Coast without consulting with him. At the evi-dentiary hearing on the motion, the former husband testified that the parties agreed to enroll the child in a Jacksonville school near the former husband’s home; that he enrolled the child in the agreed-upon school and notified Appellant of the enrollment; that two days prior to the start of the school year, Appellant informed him that she had enrolled the child in a Palm Coast school approximately 70 miles from the former husband’s home; and that this adversely affected his time with the child because it was more difficult for him to attend school events and his after-school visitations started later because of the drive time between Palm Coast and Jacksonville.
The former husband did not seek an order directing Appellant to re-enroll the child in the Jacksonville school agreed upon by the parties because he recognized such a change may not be in the child’s best interests in the middle of the school year.[2] Instead, he sought an order finding Appellant in contempt and requiring her to pay attorney’s fees, which he argued was “necessary in order to hopefully have some effect on her future decision making.”[3]
The trial court found that Appellant failed to comply with the shared parental responsibility requirements of the dissolution judgment by unilaterally enrolling the child in the Palm Coast school in contra *246 vention of the parties’ agreement that the child would be enrolled in the Jacksonville school near the former husband’s home. The court further found that Appellant’s actions were “willful acts intended to interfere with [the former husband’s] parental responsibilities and his time with the minor child.” As a “sanction” for Appellant’s actions, the trial court gave the former husband the option to decide whether to re-enroll the child in the Jacksonville school, and to that end, the Order of Contempt entered by the trial court stated that “upon the Former Husband’s instructions, [Appellant] shall be required to re-enroll the child in [the Jacksonville school].”[4] Appellant timely appealed the order to this court.
Where, as here, the judgment of contempt is based on noncompliance with a clear directive in a prior court order, the judgment “comes to the appellate court clothed with a presumption of correctness and will not be overturned unless a clear showing is made that the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error.” Harris v. Hampton, 70 So.Bd 747 (Fla. 4th DCA 2011) (quoting DeMello v. Buckman, 914 So.2d 1090, 1098 (Fla. 4th DCA 2005)); see also Jaffe v. Jaffe, 17 So.Bd 1251,1253 (Fla. 5th DCA 2009) (“We review for an abuse of discretion the trial court’s decision to exercise its power to find a party in civil contempt.”); Thurman v. Thurman, 637 So.2d 64 (Fla. 1st DCA 1994) (reviewing a civil contempt order resulting from the former husband’s failure to pay child support for an abuse of discretion).
Here, the trial court’s finding that Appellant willfully failed to comply with the requirement in the dissolution judgment that she jointly decide issues related to the child’s education with the former husband is supported by competent substantial evidence, as is the finding that the child’s enrollment in the Palm Coast school adversely impacts the former husband’s time and relationship with the child. Accordingly, the court did not abuse its discretion in finding Appellant in contempt. The trial court did, however, abuse its discretion in imposing a “sanction” for Appellant’s contempt that directly impacted the parties’ child without making any findings as to whether the change in schools ordered by the court was in the child’s best interests.[5]
The paramount concern in family law cases involving a child is the best interests of the child. See generally § 61.13(2)(c), Fla. Stat. (requiring the court to determine all matters relating to parenting of the child in accordance with the best interests of the child), § 61.13(3), Fla. Stat. (stating that the best interests of the child is the “primary consideration” when establishing or modifying a parent *247 ing plan). Thus, when crafting an order to sanction a parent’s contumacious conduct in such cases, the trial court must be mindful of how the sanction will impact the child. See Cheek v. Hesik, 73 So.3d 340 (Fla. 1st DCA 2011) (reversing an order imposing makeup time-sharing because the trial court failed to make findings regarding the best interests of the child); Berger v. Berger, 795 So.2d 113, 118 (Fla. 5th DCA 2001) (“The purpose of a civil contempt proceeding is to obtain compliance with the court’s initial order. The sanction of changing custody or visitation does not coerce compliance. In fact, it may penalize the children for their parents’ contumacious conduct, a result opposite from their best interests.”). Likewise, when making decisions that impact a child’s education, the trial court must consider the best interests of the child. See Otto-Jones v. Jones, 69 So.3d 986 (Fla. 2d DCA 2011) (reversing an order requiring the parties’ child to spend half the school year in private school and half in public school because such a rotating schedule was not in the best interests of the child); Norris v. Norris, 926 So.2d 485 (Fla. 2d DCA 2006) (reversing an order regarding the placement of the parties’ children in school because the record did not support the contention that the public school was in the children’s best interests).
Here, the trial court did not find that requiring the parties’ child to be moved to the Jacksonville school in the middle of the school year was in the best interests of the child. Indeed, the only evidence on this issue was the former husband’s testimony that a change in schools in the middle of a school year may not be “the best thing” for the child. Accordingly, the trial court abused its discretion in imposing a sanction on Appellant that would require her to re-enroll the child in the Jacksonville school at the direction of the former husband.
In sum, we affirm the finding of contempt because it is supported by competent substantial evidence, but we reverse the sanction ordered by the trial court and remand for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.
ROBERTS and SWANSON, JJ., concur.

. The contempt order gave the former husband 15 days from the date of the order to instruct Appellant to re-enroll the child in the Jacksonville school, but the record does not reflect whether he did so.

. In light of this disposition, we need not consider Appellant’s argument that the contempt order was invalid because it did not provide her an opportunity to purge the contempt sanction. But cf. In re Amendments to the Florida Family Law Rules of Procedure, 723 So.2d 208, 213 (Fla. 1998) (discussing the differences between civil and criminal contempt and explaining that any coercive sanction ordered in a civil contempt proceeding must afford the contemnor an opportunity to purge or the contempt will be considered criminal in nature). Of course, the absence of a purge provision would likely be harmless if the former husband did not timely exercise the option provided by the contempt order to instruct Appellant to re-enroll the child in the Jacksonville school.

. We do not address the other sanction in the order — that Appellant "contribute to the Former Husband’s attorney's fees and costs in bringing this action” — because that issue is not yet ripe for appellate review since the trial court did not determine the amount of the award. See Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994); see also Dep't of Children & Families v. Monroe, 744 So.2d 1163, 1164 (Fla. 1st DCA 1999) (holding that although the trial court’s failure to determine amount of fees does not render underlying order nonfinal, the fee award itself is not reviewable until the amount is determined).

. In response to the trial court's question as to whether he was seeking an order requiring that the child be re-enrolled in the Jacksonville school, the former husband stated:
I have not really thought about that, sir. Just — I’m not sure if that would be — because she’s already familiar with that school and she’s got friends and events, Christmas plays, and teachers. I don't know if that would be the best thing.

.The former husband also requested that the trial court give him full authority over educational decisions going forward, but the trial court properly recognized at the hearing on the former husband’s motion for contempt that this relief would constitute a modification of the dissolution judgment, which was not appropriately pled or noticed for the hearing.