# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-296
Lower Tribunal No. 12-14778
_____

**Dawn M. Herman,**
Appellant,

vs.

**Brad Herman,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mindy S. Glazer, Judge.

Abramowitz and Associates and Evan L. Abramowitz, for appellant.

Greene Smith and Cynthia L. Greene, for appellee.

Before SUAREZ, LAGOA and EMAS, JJ.

EMAS, J.

Appellant/Mother Dawn Herman ("Mother") appeals from a Supplemental Final Judgment (the "Supplemental Judgment") contending that the trial court abused its discretion on the issues of timesharing schedule, parental responsibility and private education. We affirm in all respects, save for two modifications to the Supplemental Judgment, one as agreed to by Appellee and a second to correct a scrivener's error.

Mother and Appellee/Father Brad Herman ("Father") were married in 2005 and had a son in 2008 ("the Child"). After the parties had been married for approximately six years, dissolution proceedings commenced. On April 4, 2013, less than a year after the case began, the parties entered into a Mediated Settlement Agreement ("MSA") resolving all issues between them other than those dealing with parental responsibility and timesharing. On December 20, 2013, the trial court entered a Final Judgment of Dissolution of Marriage ratifying the MSA and reserving jurisdiction on the remaining issues. On January 5, 2015, the parties appeared before the court for the final hearing pertaining to the parenting plan, timesharing and related issues.

Following the hearing, the trial court entered a Supplemental Judgment, adopting the equal timesharing schedule suggested by Father, awarding the parties shared parental responsibility, and denying Mother's request for ultimate decision-making authority. The court also ordered that the Child attend public school

commencing the 2015-16 school year, unless Mother and Father could mutually agree to enroll the Child in private school. Finally, though the Supplemental Judgment specifically states that the parties have equal timesharing with the Child, under the "Designation for Other Legal Purposes" section, the Supplemental Judgment provides that the Child is scheduled to reside the majority of the time with the Father.

We find no error in the trial court's awarding shared parental responsibility to Mother and Father. Section 61.13(2)(C)(2), Florida Statutes (2015), states "[t]he court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child." The trial court, as fact finder, evaluated the evidence presented and concluded that both Mother and Father are equally capable of providing for the Child and that both love the Child and consider his needs before their own. The court articulated its findings in the Supplemental Judgment, which were supported by competent substantial evidence. We find no abuse of discretion in ordering that parental responsibility be shared. We also affirm, without further discussion, the timesharing schedule established by the trial court in the Supplemental Judgment.

With respect to the Child's education, the Supplemental Judgment ordered that the Child attend public school beginning in the 2015[1] school year "unless the

3

Mother and Father mutually agree to enroll the child in private school." The MSA specifically stated:

> As and for child support commencing May 1, 2013 and terminating on the child's attaining majority, the Husband shall pay the sum of $2,900 per month on the first of every month. Failure to timely pay shall result in the entry of an income deduction order.
>
> (b) Husband shall further pay for the following for the child:
>
> . . .
>
> (e) Montessori School tuition and registration for 2013 and 2014 and 75% of such tuition for 2015, the Wife to pay the balance of 25%....
>
> (g) The Husband shall provide the sum of $100,000 and the Wife the sum of $50,000 to be deposited into an account to be created in the name of the parties jointly for the benefit of the child's educational costs from middle school through high school. This account shall be funded no later than May 15, 2013. Any unused funds shall be paid to the child at his age 25. If any shortage, neither party shall have any obligation for additional funding.

Mother acknowledges that the MSA was silent with respect to private school following the completion of the 2015-16 school year, but interprets this silence to mean that the Child should continue in private school for the remainder of the Child's elementary education.[2] We disagree. By the terms of the MSA, the parties agreed only that the Child would attend private school through the 2015-16 school

---

[1] As discussed *infra*, this was a scrivener's error; consistent with the MSA, the Supplemental Judgment should have provided that the Child would attend Montessori School through the 2015-16 school year and attend public school beginning in the 2016 school year.

[2] The Child will have completed first grade by the end of the 2015-16 school year.

year. There was no agreement that the Child would attend private school thereafter. While it is true that the MSA requires Mother and Father to jointly fund an account (totaling $150,000) "for the benefit of the child's educational costs from middle school through high school," this provision contains no specific agreement or understanding that the Child would attend private school during the middle and high school years, fails to address schooling for the rest of the Child's elementary school years (i.e., after the 2015-16 school year, when the Child will have completed the first grade), and fails to express that the monies placed in the joint account would be used for the sole purpose of private education for the Child. This provision stands in stark contrast to the immediately preceding paragraph which stated, plainly and unambiguously, that the Child would attend Montessori School for the 2013, 2014, and 2015 school years. The MSA's silence regarding private schooling following the end of the 2015-16 school year can only reasonably be construed to mean that the parties did not resolve the issue of whether the Child would attend public or private school at the end of the 2015-16 school year.

Further, no financial information was presented to the Court or relied upon by either party, and the court therefore could not make the requisite findings necessary to support an extension of the private school expense obligation. See Musser v. Watkins, 752 So. 2d 141, 142 (Fla. 2d DCA 2000). In light of this, and

5

given that the trial court's determination was supported by competent, substantial evidence, there was no abuse of discretion in ordering that the Child attend public school during that period of time not agreed upon under the terms of the MSA. However, and as Father has properly conceded, the Supplemental Judgment contains a scrivener's error. The Supplemental Judgment directs that the Child "shall attend public school commencing the 2015-16 school year. . . ." However, the terms of the MSA expressly contemplate that the Child will continue to attend Montessori school during that time. The Supplemental Judgment must therefore be corrected to reflect that the Child "shall attend public school commencing the 2016-17 school year. . . ."[3]

Mother also contends that the Parenting Plan, incorporated into the Supplemental Judgment, contains an improper and inaccurate designation that the Child will reside with Father for a majority of the time. The challenged language provides:

### X. DESIGNATION FOR OTHER LEGAL PURPOSES

The child named in this Parenting Plan <u>is scheduled to reside the majority of the time with the Father</u>. This majority designation is SOLELY for purposes of all other state and federal laws that require such a designation. **This designation does not affect either parent's rights and responsibilities under this Parenting Plan**.

(Underscore emphasis added; bold emphasis in original.)

---

[3] The Parenting Plan, incorporated into the Supplemental Judgment, should also be amended to reflect this correction.

6

The provision itself explicitly provides that it does not affect the parties' rights under the Supplemental Judgment. Father asserts that this provision was included in the Parenting Plan because Florida no longer recognizes the concept of "custody," and the designation of a majority residential or custodial parent is made for the sole purpose of satisfying certain laws whose enforcement requires such a designation. See, e.g., 28 U.S.C. § 1738A (2015) (Parental Kidnaping Prevention Act). Given the limiting language contained in this paragraph, it is difficult to conceive how this designation is inconsistent with the judgment itself, results in prejudice to Mother, or is otherwise erroneous. Nonetheless, and indicative of the absence of prejudice from inclusion of this provision in the Parenting Plan, Father has commendably agreed to amend the designation to reflect that the Child "is scheduled to reside the majority of the time with the Mother." We therefore remand on this issue with instructions to the trial court to make this stipulated modification to the Parenting Plan.

We affirm the Supplemental Judgment in all respects, but remand for the limited purpose of (i) amending the Supplemental Judgment and Parenting Plan to correctly reflect that the Child "shall attend public school commencing the 2016-17 school year. . . ;" and (ii) amending the "Designation for Other Legal Purposes" section of the Parenting Plan to reflect that the Child "is scheduled to reside the majority of the time with the Mother."