NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


NEHA PATEL,                           )
                                     )
          Appellant,              )
                                     )
v.                                  )      Case No. 2D16-4488
                                     )
RASESH PATEL                   )
                                     )
          Appellee.              )
_____)


Opinion filed September 15, 2017.

Appeal from the Circuit Court for Polk
County; William Sites, Judge.

William J. Lobb and Howardene Garrett of
Law Office of William J. Lobb, Bartow, for
Appellant.

Jean Marie Henne of Jean M. Henne,
P.A., Winter Haven, for Appellee.


BLACK, Judge.

        We affirm the order on modification of final judgment of dissolution of

marriage, which denies Neha Patel's motion to modify the final judgment as it relates to

timesharing.  Competent substantial evidence supports the trial court's finding that Ms.

Patel met her burden of establishing a substantial, material, and unanticipated change

in circumstances since the entry of the final judgment of dissolution of marriage.  See

Wade v. Hirschman, 903 So. 2d 928, 934 (Fla. 2005) ("A decree for purposes of the substantial change test includes *both a decree that has incorporated a stipulated agreement concerning child custody* and a decree awarding custody after an adversarial hearing."). And we find no error in the court's determination that modification was not in the child's best interests at the time of the evidentiary hearing.

However, we remand with directions that the trial court strike the language of paragraph eleven following its finding that it is not in the minor child's best interests to modify the current timesharing and parental responsibility "at this time."[1] The trial court may neither determine the child's best interests prospectively, see Eisele v. Eisele, 91 So. 3d 873, 874-75 (Fla. 2d DCA 2012), nor delegate its statutory duties to a parent or expert, Grigsby v. Grigsby, 39 So. 3d 453, 457 (Fla. 2d DCA 2010). Future motions to modify the final judgment with regard to timesharing are governed by the statutory requirements to establish a "substantial, material, and unanticipated change in circumstances" since entry of the final judgment—which has been met in this case—and that "modification is in the best interests of the child." See § 61.13(3), Fla. Stat. (2016); see also Howell v. Howell, 207 So. 2d 507, 511-12 (Fla. 2d DCA 1968) (discussing the law of the case doctrine).

Affirmed; remanded with instructions.

SILBERMAN and CRENSHAW, JJ., concur.

---

[1]We note that the modification order contains two paragraphs numbered eleven. Our direction on remand is specific to the second paragraph eleven.